UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | |
|---|---|
| **GREAT AMERICAN INSURANCE COMPANY,** *Plaintiff* | ) ) ) |
| V. | ) ) |
| **ANTHONY DEWAYNE POYNTER; PBI BANK, INC, DENNIS K. WILCUTT; TAYLOR, POLSON & COMPANY, PSC; JOHN M. TAYLOR, III, CPA; JAMES ALEXANDER; DOROTHY ALEXANDER; GLASGOW INSURANCE AGENCY, INC; JERRY HARDISON** *Defendants* | ) ) ) ) ) ) ) ) **Civil Action No. 1:10-CV-161-JHM** ) ) |
| **PBI BANK, INC., DENNIS K. WILCUTT** *Third Party Plaintiffs* | ) ) ) |
| V. | ) ) |
| **GLASGOW INSURANCE AGENCY, INC and JERRY HARDISON** *Third Party Defendants* | ) ) ) ) |

## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Come the Defendants, Glasgow Insurance Agency, Inc., ("Glasgow") and Jerry Hardison (collectively hereafter referred to as *"Defendants")*, appearing by counsel, Answer the Plaintiff's Amended Complaint as follows:

**FIRST DEFENSE**

1. Defendants hereby restate, reiterate, and reallege each and every defense set forth in their Answers (Doc. 39 & Doc. 45) to the Third Party Complaint.

**SECOND DEFENSE**

2.      The Amended Complaint fails to state a cause of action upon which relief can be granted.

**THIRD DEFENSE**

3.      Numerical paragraph 1 of the Amended Complaint does not call for a response from these answering Defendants.

4.      Defendants admit the allegations contained in numerical paragraph 2.

5.      Defendants admit the allegations contained in numerical paragraph 3.

6.      Defendants admit the allegations contained in numerical paragraph 4 only to the extent Poynter was submitted by Defendants to Great American for bonding beginning in 2007. Defendants deny the remaining allegations in numerical paragraph 4.

7.      Defendants admit the allegations contained in numerical paragraph 5 to the extent they notified Great American Poynter agreed to capitalize his business by December 31, 2007 and that on January 9, 2008 Great American confirmed bonding rates based upon capitalization in the amount of $500,000. Defendants deny the remaining allegations contained in numerical paragraph 5.

8.      With respect to the allegations contained in numerical paragraph 6, the Defendants state that said documents referred to herein speak for themselves. These Defendants specifically deny any wrongdoing or liability to the Plaintiff, and, therefore, deny all allegations set forth therein.

9.      Defendants deny the allegations contained in numerical paragraph 7.

10. Defendants are without sufficient information to admit or deny the allegations contained in numerical paragraph 8, but specifically deny any liability to any party in this case.

11. Defendants admit the allegations contained in numerical paragraph 9 that state Great American requested a June 30, 2008 CPA prepared interim financial statement and that Great American was continuing to approve bid bonds. Defendants deny the remaining allegations except they are without sufficient information to either admit or deny Great American's basis for approving bonds.

12. Defendants admit the allegations contained in numerical paragraph 10 only to the extent that Defendants forwarded the June 30, 2008 interim financial statement to Great American on October 1, 2008. With respect to the remaining allegations, said documents referred to herein speak for themselves. Defendants deny the remaining allegations contained in numerical paragraph 10 and specifically deny any wrongdoing or negligence to the parties in this case.

13. Defendants are without sufficient information or knowledge to admit or deny the allegations contained in numerical paragraph 11.

14. Defendants admit the allegations contained in numerical paragraph 12 only to the extent that Poynter hired Bobby Cherry and that a November 7, 2008 memorandum to Poynter was created by Cherry. Defendants are without sufficient information to admit or deny the allegations regarding Cherry's understanding of Poynter's ability to obtain a loan from his grandparents, however, said document referred to herein speaks for itself.

15. Defendants admit the allegations contained in numerical paragraph 13 only to the extent that the Oak Grove bid bond was approved by Great American on November 10, 2008 and that the final performance and payment bond was issued December 1, 2008. Defendants deny the remaining allegations contained in numerical paragraph 13 and specifically deny any liability or wrongdoing to the parties.

16. Defendants admit the allegations contained in numerical paragraph 14 only to the extent that a meeting was held between Poynter, Hardison, Great American and Cherry. Defendants are without sufficient information to admit or deny the remaining allegations in numerical paragraph 14.

17. Defendants deny the allegations contained in numerical paragraph 15, both sub-parts (a) and (b).

18. Defendants deny the allegations contained in numerical paragraph 16.

19. Defendants admit the allegations contained in numerical paragraph 17, to the extent they entered into a written agreement with Plaintiffs. Defendants state that said agreement speaks for itself and rely on said paragraph on same.

20. With respect to the allegations contained in numerical paragraph 18.

21. Defendants deny the allegations contained in numerical paragraph 19.

22. Defendants admit the allegations contained in numerical paragraph 20, but specifically deny any wrongdoing or negligence to any party to the extent said allegations hint, intimate or suggest any wrongdoing on these Defendants' part.

23. Defendants deny the allegations contained in numerical paragraph 21.

24. Defendants deny the allegations contained in numerical paragraph 22.

25. Numerical paragraph 23 does not call for a response.

26. Defendants deny the allegations contained in numerical paragraph 24.

27. Defendants deny the allegations contained in numerical paragraph 25.

28. Defendants deny the allegations contained in numerical paragraph 26.

29. Numerical paragraph 27 does not call for a response.

30. Defendants deny the allegations contained in numerical paragraph 28.

31. Numerical paragraph 29 does not call for a response.

32. Defendants deny the allegations contained in numerical paragraph 30.

33. Defendants deny the allegations contained in numerical paragraph 31.

34. Defendants deny the allegations contained in numerical paragraph 32.

35. Defendants deny the allegations contained in numerical paragraph 33.

36. Numerical paragraph 34 does not call for a response.

37. Defendants deny the allegations contained in numerical paragraph 35.

## FOURTH DEFENSE

38. To the extent that the Plaintiff failed to exercise prudent business practices, including but not limited to proper inquiry, regarding the financial activities and condition of Poynter before it committed itself to the bond obligations, then the Defendants rely upon same and the negligence of the Plaintiff as a complete or partial bar to the claims raised by the Plaintiff.

### FIFTH DEFENSE

39. To the extent the Plaintiff and its agent, McDaniel, were negligent in connection with the review of Poynter and Poynter Construction's financial condition when issuing bonds which caused the losses as alleged by the Plaintiff, then the Defendants rely upon same as a complete or partial bar to the claims raised by the Plaintiff.

### SIXTH DEFENSE

40. To the extent the Plaintiff and its agent, McDaniel, had knowledge or should have knowledge of the facts of the financial condition of Poynter and Poynter Construction, but nevertheless executed bonds for the instances in which it incurred alleged damages while relying upon the promise of Poynter to comply in the future with stated requirements, then the Defendants rely upon same as a complete or partial bar to the claims raised by the Plaintiff.

### SEVENTH DEFENSE

41. The Defendants affirmatively state they made no misrepresentation of any material fact that Plaintiff relied upon or reasonably should have relied upon in determining whether to issue bonds on Poynter Construction projects and as a result no harm could have been suffered by them and the Defendants rely upon same as a complete or partial bar to the Amended Complaint.

## EIGHTH DEFENSE

42. To the extent that the claims of the Plaintiff are based upon any allegation of fraud, the Defendants did not enter into any plan or scheme to commit fraud or did they make any misrepresentations of material fact and the Defendants rely upon the same as a complete or partial bar to the Amended Complaint.

## NINTH DEFENSE

43. Defendants relied upon Defendant Poynter regarding bonding projects and the financial condition of Poynter Construction and the Defendants rely upon the same as a complete or partial bar to the Amended Complaint. Defendants had no independent knowledge of any fraud committed by Poynter. As such, the harm, if any, was suffered by the Plaintiff, was the result of actions, inactions or omissions of Poynter and Defendants have no liability to the Plaintiff.

## TENTH DEFENSE

44. Defendants made no misrepresentation of material facts that the Plaintiff relied upon or reasonably should have relied upon in approving any bond for Poynter Construction and the Defendants rely upon the same as a complete or partial bar to the Amended Complaint.

## ELEVENTH DEFENSE

45. To the extent the evidence shows the actions or inactions of the Plaintiff constituted waiver of its rights, the Defendants rely upon the same as a complete or partial bar to the Amended Complaint.

## TWELFTH DEFENSE

46. The Defendants plead all applicable defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure as a defense to all allegations in the Amended Complaint.

## THIRTEENTH DEFENSE

47. To the extent the Plaintiff failed to properly plead its claim as required by Rule 9(b) of the Federal Rules of Civil Procedure, the Defendants rely upon the same as a complete or partial bar to the Amended Complaint.

## FOURTEENTH DEFENSE

48. The Defendants did not engage in any negligence or wrongdoing and specifically deny liability to any party.

## FIFTEENTH DEFENSE

49. To the extent that the Plaintiff (a) committed any wrongdoing or failed to properly act; (b) failed to properly protect its rights in a timely manner; or (c) failed to object to any actions taken by any other Defendant, then the claims of the Plaintiff are barred due to the equitable doctrines of estoppel, laches, and waiver.

## SIXTEENTH DEFENSE

50. Plaintiff's claims for common law indemnification or contribution against the Defendants should be dismissed for failure to state a cause of action upon which relief can be recovered.

## SEVENTEENTH DEFENSE

51. In that the Defendants deny all liability, the Plaintiff is not entitled to apportionment of damages against them.

## EIGHTEENTH DEFENSE

52. The Defendants reserve the right to plead additional defenses as discovery and proof continue in this case.

**WHEREFORE**, the Defendants, Glasgow Insurance Agency and Jerry Hardison, pray that the Plaintiff's Amended Complaint be dismissed with prejudice and that the Plaintiff take nothing thereunder, and that the Defendants be awarded their attorney fees, costs and expenses, a trial by jury, and any and all other proper relief. However, to the extent that the Plaintiffs prevail in their claims, the Defendants, Glasgow Insurance Agency and Jerry Hardison demand that all damages be properly apportioned based upon the respective fault of the parties.

Respectfully submitted:

JEFFREY A. TAYLOR
LANDRUM & SHOUSE, LLP
106 W. Vine Street, Suite 800
PO Box 951
Lexington, Kentucky 40588-0951
859-255-2424 Ext. 248
859-233-0308 Facsimile

BY: /s/ Jeffrey A. Taylor
ATTORNEY FOR DEFENDANTS HARDISON & GLASGOW INSURANCE AGENCY

## CERTIFICATE OF SERVICE

On August 9, 2012, I electronically filed this document through the ECF system, which will send a notice of electronic filing to the following:

**Scott A. Bachert**
Harned, Bachert & McGehee, PSC
324 E. Tenth Avenue
P.O. Box 1270
Bowling Green, KY 42102-1270
270-782-3938
270-781-4737 (fax)
bachert@hbmfirm.com

**Benjamin A. Bellamy**
Ward Hocker & Thornton, PLLC - Louisville
9300 Shelbyville Road, Suite 700
Louisville, KY 40222
502-583-7012
502-583-7018 (fax)
ben.bellamy@whtlaw.com

**Mark H. Flener**
1143 Fairway Street, Suite 101
P. O. Box 8
Bowling Green, KY 42102
270-783-8400
270-783-8872 (fax)
mflener@bellsouth.net

**W. Greg Harvey**
Harned, Bachert & McGehee, PSC
324 E. Tenth Avenue
P.O. Box 1270
Bowling Green, KY 42102-1270
270-782-3938
270-781-4737 (fax)
harvey@hbmfirm.com

**Timothy D. Martin**
Ward, Hocker & Thornton, PLLC
9300 Shelbyville Road, Suite 700
Louisville, KY 40222
502-583-7012
502-583-7018 (fax)
TMartin@whtlaw.com

**Bobby H. Richardson**
Richardson, Gardner, Barrickman & Alexander
117 E. Washington Street
Glasgow, KY 42141
270-651-8884
270-651-3662 (fax)
mms@rgba-law.com

I further certify that a copy of the foregoing document and Notice of Electronic Filing, properly addressed and postage pre-paid, was deposited in the United States Mail to:

**Anthony Dewayne Poynter**
561 Brentwood
Glasgow, Kentucky 42141

BY:   /s/ Jeffrey A. Taylor
ATTORNEY FOR DEFENDANTS HARDISON & GLASGOW INSURANCE AGENCY